IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANNY JOE SITSLER,**<br><br>**Petitioner,**<br><br>v.<br><br>**RANDY HARDING, Warden,**[1]<br><br>**Respondent.** | Case No. 23-CV-0181-JFH-CDL |

## OPINION AND ORDER

Petitioner Danny Joe Sitsler ("Sitsler"), an Oklahoma prisoner appearing pro se, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Mayes County District Court Case No. CF-1993-22. *See* Dkt. No. 14. Sitsler alleges that the holdings of the Oklahoma Court of Criminal Appeals ("OCCA") were in error and/or contrary to clearly established Federal law. *See id.* Specifically, Sitsler takes issue with the OCCA's conclusions concerning the admission of a witness' written statement at trial, the joining of three (3) cases at Sitsler's trial, the admission of other crimes evidence, prosecutorial misconduct, jury instructions that were not given, his ineffective assistance of counsel claim, his cumulative errors claim, his right to a fair trial, his right to testify in his own defense, and the alleged deprivation of a complete defense. *See id.* Having considered Sitsler's Amended Petition for Writ of Habeas Corpus ("Amended Petition") [Dkt. No. 14], Respondent Randy Harding's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred ("Motion") [Dkt. No. 19], Respondent's Brief in Support of Pre-Answer

---

[1] Sitsler presently is incarcerated at Dick Conner Correctional Center, and Randy Harding is the current warden of that facility. The Court therefore substitutes Randy Harding, Warden, in place of David Buss as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred [Dkt. No. 20], the record of state-court proceedings provided by Respondent [Dkt. Nos. 20-1 through 20-32], Sitsler's Reply to Respondent's Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred [Dkt. No. 21] and applicable law, the Court finds and concludes that Respondent Randy Harding's Motion shall be GRANTED.

## BACKGROUND

On August 13, 1993, a Mayes County jury found Sitsler guilty of First-Degree Malice Aforethought Murder. Dkt. No. 20-3. Following the entry of the Judgment and Sentence, convoluted and lengthy post-conviction proceedings ensued:

| Date | Case No. | Event | Citation |
|---|---|---|---|
| October 14, 1993 | Mayes Cnty. Dist. Ct. CF-1993-22 | Sentenced. | Dkt. No. 20-3 |
| October 14, 1993 | Mayes Cnty. Dist. Ct. CF-1993-22 | Notice of Intent to Appeal filed. | Dkt. No. 20-8 at 1 |
| December 6, 1993 | Mayes Cnty. Dist. Ct. CF-1993-22 | Pro Se Motion for New Trial on Grounds of Newly Discovered Evidence filed. | Dkt. No. 20-4 |
| January 6, 1994 | Mayes Cnty. Dist. Ct. CF-1993-22 | Motion for New Trial denied. | Dkt. No. 20-5 |
| February 10, 1994 | Mayes Cnty. Dist. Ct. CF-1993-22 | Sitsler "was resentenced in absentia[.]" | Dkt. No. 20-8 at 1 |
| February 14, 1994 | Mayes Cnty. Dist. Ct. CF-1993-22; Okla. Crim. App. F-94-187 | Notice of Intent to Appeal filed. | Dkt. No. 20-6 at 2 |
| August 1, 1994 | Okla. Crim. App. F-94-187 | Appeal dismissed for failure to timely file appeal. | Dkt. No. 20-8 at 2 |

| Date | Case No. | Event | Citation |
| --- | --- | --- | --- |
| December 16, 1994 | Mayes Cnty. Dist. Ct. CF-1993-22 | Application for Post-Conviction Relief ("1994 Application") filed seeking an appeal out of time. | Dkt. No. 20-8 at 2 |
| February 5, 1996 | Mayes Cnty. Dist. Ct. CF-1993-22 | District Court denied 1994 Application. | Dkt. No. 20-8 at 2 |
| February 15, 1996 | Mayes Cnty. Dist. Ct. CF-1993-22 | Application for Rehearing of Denial of 1994 Application filed. | Dkt. No. 20-8 at 3 |
| March 1, 1996 | Mayes Cnty. Dist. Ct. CF-1993-22 | Application for Rehearing denied. | Dkt. No. 20-7 at 1 |
| March 6, 1996 | Okla. Crim. App. PC-96-252 | Appeal of denial of 1994 Application filed. | Dkt. Nos. 20-7 and 20-8 at 1 |
| May 21, 1996 | Okla. Crim. App. PC-96-252 | Order Remanding to District Court for Additional Findings of Fact and Conclusions of Law regarding 1994 Application. | Dkt. No. 20-8 |
| June 26, 1996 | Mayes Cnty. Dist. Ct. CF-1993-22 | District Court denied appeal out of time. | Dkt. No. 20-7 at 1 |
| July 15, 1996 | Okla. Crim. App. PC-96-252 | OCCA granted Sitsler an appeal out of time. | Dkt. No. 20-7 at 1 |
| July 22, 1996 | Okla. Crim. App. F-1996-883 | Direct appeal filed. | Dkt. No. 20-9 |
| November 3, 1998 | Okla. Crim. App. F-1996-883 | OCCA affirmed conviction and modified sentence to life imprisonment. | Dkt. No. 20-13 |
| February 2, 2000 | Mayes Cnty. Dist. Ct. CF-1993-22 | Application for Post-Conviction Relief ("Application") file-stamped. | Dkt. No. 20-14 |

| Date | Case No. | Event | Citation |
|---|---|---|---|
| November 20, 2012 | Mayes Cnty. Dist. Ct. CF-1993-22 | Pro Se letter to district court filed. | Dkt. No. 20-17 |
| October 31, 2022 | Mayes Cnty. Dist. Ct. CF-1993-22 | Amended Application for Post-Conviction Relief ("Amended Application") filed. | Dkt. No. 20-19 |
| February 7, 2023 | Mayes Cnty. Dist. Ct. CF-1993-22 | Pro Se Motion to Move the State to Respond to Amended Application filed. | Dkt. No. 20-21 |
| March 13, 2023 | Okla. Crim. App. MA-2023-216 | Petition for Writ of Mandamus filed requesting state to respond to Amended Application. | Dkt. No. 20-22 |
| March 21, 2023 | Okla. Crim. App. MA-2023-216 | OCCA directing district court to "act upon" the Amended Application. | Dkt. No. 20-23 at 5-6 |
| April 20, 2023 | Mayes Cnty. Dist. Ct. CF-1993-22 | Amended Application denied via Summary Order. | Dkt. No. 20-26 |
| May 3, 2023 | N.D. Okla. 23-CV-181 | Petition for Writ of Habeas Corpus filed. | Dkt. No. 1 |
| May 8, 2023 | Okla. Crim. App. MA-2023-216 | OCCA dismissed MA-2023-216 as moot. | Dkt. No. 20-28 at 3 |
| May 22, 2023 | Okla. Crim. App. PC-2023-450 | Petition in Error filed appealing denial of Amended Application. | Dkt. No. 20-27 |
| September 6, 2023 | Okla. Crim. App. PC-2023-450 | OCCA remanded to the district court "for entry of an order setting forth findings of fact and conclusions of law addressing [Sitsler's] application for post-conviction relief as required by statute, this | Dkt. No. 20-29 |

4

| Date | Case No. | Event | Citation |
|---|---|---|---|
| | | Court's Rules and case law[.]" | |
| November 17, 2023 | Mayes Cnty. Dist. Ct. CF-1993-22 | District court entered detailed order denying Amended Application. | Dkt. No. 20-30 |
| December 14, 2023 | Okla. Crim. App. PC-2023-450 | Petition in Error and Supplemental Brief-In-Chief tendered for filing. | Dkt. No. 20-31 |
| June 3, 2024 | Okla. Crim. App. PC-2023-450 | OCCA affirmed denial of Amended Application. | Dkt. No. 20-32 |
| July 8, 2024 | N.D. Okla. 23-CV-181 | Amended Petition for Writ of Habeas Corpus filed. | Dkt. No. 14 |

Based upon the above-described procedural history, Respondent Randy Harding ("Respondent"), by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, contends Sitsler's Amended Petition is time-barred. Dkt. Nos. 19 and 20. Specifically, Respondent argues Sitsler's Amended Petition is untimely pursuant to 28 U.S.C. § 2244(d), Sitsler is not entitled to equitable tolling, and Sitsler does not satisfy the actual innocence gateway. *See* Dkt. No. 20. The Court agrees.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one (1) year from the latest of four (4) triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

## I.     28 U.S.C. § 2244(d)(1)(A)

Sitsler failed to initiate the instant Amended Petition within the time mandated by 28 U.S.C. § 2244(d)(1)(A). As detailed above, Sitsler was sentenced on October 14, 1993. Dkt. No. 20-3. After a lengthy process, Sitsler obtained leave to file a direct appeal out of time, and the OCCA affirmed his conviction on November 3, 1998. Dkt. Nos. 20-9 and 20-13. Sitsler did not seek a writ of certiorari from the United States Supreme Court within ninety (90) days after the OCCA affirmed the conviction. Sup. Ct. R. 13. Therefore, Sitsler's Judgment became final on February 1, 1999, ninety (90) days after November 3, 1998. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (internal citation and quotation omitted)). Sitsler's one-year period to file a petition for writ of habeas corpus began February 2, 1999, and, absent statutory tolling, expired February 2, 2000. The Court

therefore finds, absent any tolling events, the Amended Petition, filed May 3, 2023 [Dkt. No. 1],[2] is untimely under 28 U.S.C. § 2244(d)(1)(A).[3]

## II.   28 U.S.C. § 2244(d)(2)

Sitsler maintains the instant Amended Petition is timely because his Application [Dkt. No. 20-14] was filed on February 2, 2000,[4] prior to the expiration of his one-year period to file a petition for writ of habeas corpus, and remained pending until June 3, 2024. Dkt. No. 14 at 66. Respondent argues, Sitsler's Application does not qualify as a tolling motion under § 2244(d)(2) because it was not properly filed. Dkt. No. 20 at 9-15. The Court agrees with Respondent.

Statutory tolling suspends the one-year limitations period for the "time during which a *properly* filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2) (emphasis added). An application for state postconviction or other collateral review "remains pending until the application has achieved final resolution through the State's postconviction procedures." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (internal quotation omitted) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). And the application must be filed within the applicable one-year limitations period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

---

[2] The Court concludes the Amended Petition [Dkt. No. 14] filed July 8, 2024, relates back to the original filing date, May 3, 2023. Fed. R. Civ. P. 15(c)(1)(B); *see Mayle v. Felix*, 545 U.S. 644, 656-64 (discussing relation-back principle in context of habeas proceeding).

[3] Sitsler did not allege any facts triggering 28 U.S.C. §§ 2244(d)(1)(B), (C) or (D). Therefore, the Court does not analyze these subsections.

[4] The exact date of the filing is unclear. The Application is file-stamped February 2, 2000. Dkt. No. 20-14. The docket sheet reflects it was filed "1/02/2000." Dkt. No. 20-1 at 1. The notary public's date on the Application states "2/1/00." Dkt. No. 20-14 at 4. Nevertheless, the exact date the Application was filed does not influence the Court's analysis of whether the Application was "properly filed."

A properly filed application is one that is filed in accordance with all state law filing requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). The Oklahoma Post-Conviction Relief Act requires a "verified 'application for post-conviction relief'" to be filed and "[f]acts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application **must be sworn to affirmatively as true and correct**." Okla. Stat. tit. 22, § 1081 (emphasis added). District courts analyzing Section 1081 routinely conclude that applications for post-conviction relief that do not comply with Section 1081 are not "properly filed" and are not entitled to statutory tolling. *See e.g., Ferrell v. Allbaugh*, No. 17-CV-038-CVE, 2018 WL 358512, at * 3 (N.D. Okla. Jan. 10, 2018) (noting OCCA found petitioner's unverified application deprived trial court of jurisdiction to consider it and concluding "petitioner's first post-conviction application was not 'properly filed' within the meaning of 28 U.S.C. § 2244(d)(2), and thus the statute of limitations was not tolled."), *Horton v. Tuggle*, No. 19-CV-255-JFH, 2021 WL 767862, at *3-4 (E.D. Okla. Feb. 26, 2021) (same); *Millan v. Harpe*, No. 22-CV-933-HE, 2023 WL 4485945, at *3 (W.D. Okla. May 16, 2023) (same; gathering cases), *report and recommendation adopted*, No. CIV-22-0933-HE, 2023 WL 4479288 (W.D. Okla. July 11, 2023).

Here, the Application was signed and notarized by Sitsler's counsel. *See* Dkt. No. 20-14 at 3-4. However, the Application does not contain an affirmative, sworn statement by Sitsler or his counsel that the facts within the personal knowledge of Sitsler are true and correct. *See id*. Sitsler contends the notarized signature of his counsel is sufficient to satisfy the requirements of Section 1081. *See* Dkt. No. 21 at 2-5. Respondent argues Section 1081 requires an affirmative statement attesting to the truthfulness and correctness of the Application's contents, and Sitsler's

8

Application lacks such an affirmative statement rendering the Application not "properly filed." Dkt. No. 20 at 17-23.

The Court concludes the Application filed by Sitsler does not meet the requirements of Section 1081. *See* Dkt. No. 20-14. Section 1081 is clear that the "[f]acts within the personal knowledge of the applicant . . . **must be** sworn to affirmatively as true and correct." Okla. Stat. tit. 22, § 1081 (emphasis added). This language is unambiguous and direct. Fatally, Sitsler's Application lacks such a statement. Dkt. No. 20-14 at 3-4. Therefore, the Application was not properly filed and did not toll the limitations period even though Sitsler filed it during the applicable one-year limitations period. The Court finds that Sitsler cannot benefit from statutory tolling and the Application is untimely pursuant to 28 U.S.C. § 2244(d)(2).

### III.  Equitable Tolling

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, a petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. Dec. 11, 2008) (unpublished)[5] (internal quotations and citations omitted).

Sitsler contends his Amended Petition is timely and makes no effort to establish extraordinary circumstances and due diligence. *See* Dkt. No. 14 at 66. Significantly, in opposition

---

[5] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

to Sitsler's Motion to Stay [Dkt. No. 2], Respondent argued Sitsler's original petition [Dkt. No. 1] was untimely. *See* Dkt. No. 8 at 15-18. Respondent advanced the same argument: the Application did not meet the requirements of Section 1081. *See id.* It follows, Sitsler had the opportunity to address Respondent's timeliness argument and include any allegations which would demonstrate extraordinary circumstances and due diligence when he subsequently filed the Amended Petition. Sitsler chose to remain silent concerning any equitable tolling. *See* Dkt. No. 14 at 66. Sitsler does not explain his lack of post-conviction relief efforts between February 2, 2000, and October 31, 2022. *See* Dkt. Nos. 20-14 and 20-19. In all, Sitsler has not carried his burden to be entitled to any equitable tolling.

### IV.    Actual Innocence

Despite alleging his Amended Petition is timely, in his Reply, Sitsler argues the miscarriage of justice exception is applicable here. *See* Dkt. No. 21 at 7-9.[6] The Tenth Circuit recognizes the "fundamental miscarriage of justice exception" is "commonly known as a showing of actual innocence[.]" *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021). To avail himself to this exception a petitioner must make a colorable showing of factual innocence, not legal innocence. *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000); *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 and 401 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims

---

[6] Sitsler may not amend his Amended Petition by including additional allegations in his Reply. *Cf. Jojola v. Chavez,* 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established, however, that in determining whether to grant a motion to dismiss, the district court … [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."); *Jones v. Ciolli,* No. 22-CV-3262, 2023 WL 11888941 at *1 (D. Colo. May 3, 2023) (unpublished) (applying *Jojola's* principle to writ of habeas corpus).

must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)). "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Fontenot*, 4 F.4th at 1031 (quoting *Schulp*, 513 U.S. at 324).

Even if the Court grants Sitsler leeway and accepts the actual innocence argument raised in his Reply, Sitsler has not satisfied the requirements of the actual innocence gateway. Sitsler asserts expert testimony and his testimony are "new evidence" which would establish his intoxication at the time of the murder and negate the *mens rea* of first-degree murder. *See* Dkt. No. 21 at 7. Sitsler's argument is one of legal innocence. *Beavers,* 216 F.3d at 923 (noting that the petitioner's argument that he was not guilty of first-degree murder because he was intoxicated and acted in self-defense was a legal innocence argument). Therefore, even if this "new evidence" was sufficient, Sitsler cannot proceed through the actual innocence gateway because he fails to adequately raise and demonstrate factual innocence.

V.   **Certificate of Appealability**

As a final matter, Rule 11(a), *Rules Governing Section 2254 Cases in the United States District Courts*, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the [habeas] applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the court dismisses a habeas petition on procedural

11

grounds, the applicant must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As noted above, the Application did not comply with Section 1081. *See* Okla. Stat. tit. 22, § 1081. However, prior to Respondent's position in this case, it does not appear any state court or the State of Oklahoma ever questioned the Application's compliance with Section 1081. *See* Dkt. Nos. 20-24, 20-30, 20-32. Therefore, the Court finds that reasonable jurists might debate the Court's determination that the Application was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). The Court further finds that jurists of reason could find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) ("The holding in *Slack* would mean very little if appellate review were denied because the prisoner did not convince a judge … that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief."). For these reasons, the Court grants a certificate of appealability on the issue of whether Sitsler's Application [Dkt. No. 20-14] was "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).

## CONCLUSION

The Court finds and concludes Sitsler's Amended Petition for Writ of Habeas Corpus [Dkt. No. 14] is time-barred and Sitsler cannot avail himself to equitable tolling or the actual innocence gateway. The Court therefore dismisses the Amended Petition for Writ of Habeas Corpus. The

Court further concludes a certificate of appealability shall issue. *Slack*, 529 U.S. at 484, *Miller-El*, 537 U.S. at 337-38.

IT IS THEREFORE ORDERED that the Motion to Dismiss [Dkt. No. 19] is GRANTED; a certificate of appealability is GRANTED on the issue of whether Sitsler's February 2, 2000 Application for Post-Conviction Relief [Dkt. No. 20-14] was properly filed for purposes of 28 U.S.C. § 2244(d)(2); and a separate judgment shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of Court shall note on the record the substitution of Randy Harding, Warden, in place of David Buss as party Respondent.

Dated this 13th day of June 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE